**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00281-FDW-DCK**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **$63,289.00 IN UNITED STATES CURRENCY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on the United States' Motion to Dismiss Any Motion to Suppress. (Doc. No. 27). Claimant has failed to file a response to the United States' Motion and the time for doing so has expired. After considering the United States' Motion and the parties' oral arguments made March 25, 2014, the Court GRANTS the United States' Motion.

On March 25, 2014, after the close of all evidence of both parties in the trial of this case, counsel for Claimant Brenda Jones McClure ("Claimant") orally moved for a Motion to Suppress the Defendant, $63,289.00 in United States Currency, based on the traffic stop that led to the Currency's discovery.[1] The United States opposed, arguing the Motion was untimely. Consequently, the Court ordered both parties to prepare written motions addressing the

---

[1] Counsel for Claimant also raised the issue of "ineffective assistance of counsel." An ineffective assistance of counsel claim only pertains to criminal cases. See 18 U.S.C. § 2254; 18 U.S.C. § 2255. Accordingly, the Court does not address the issue because this is a civil case.

timeliness issue.  The United States filed a Motion to Dismiss Any Motion to Suppress, (Doc. No. 27), and Claimant did not respond.[2]

Rule G(8)(a) allows motions to suppress in civil forfeiture cases; however, the rule fails to set forth any specific time limitations.  SUPP. R. ADM. MARI. CLAIMS ASSET FORT. R. G(8)(a).  Lacking a proper guide post in the case of civil forfeitures, the Court looks to the criminal sphere where timeliness rules for a motion to suppress are well-settled.  See Fed. R. Crim. P. 12(b)(3)(C), 12(c); United States v. Boone, 324 Fed. Appx. 272 (4th Cir. 2009).  Under Fed. R. Crim. P. 12(f), the general rule is that a defendant forfeits a suppression claim if that claim is not timely raised.  The claim is untimely if (1) a party fails to seek suppression prior to trial or by the deadline established by the district court, or (2) a party fails to object to the evidence's admission at trial.  United States v. Ruhe, 191 F.3d 376, 386 (4th Cir. 1999) (citing FED. R. CRIM. P. 12(f)).

Claimant failed to seek a suppression motion prior to trial and, even further, failed to object to the admission of *any* evidence regarding the currency including (1) testimony of the United States' expert regarding how the currency was bound and the specific denominations, and (2) testimony of the United States' confidential informant regarding the currency.

Even if the Court mistakenly relies on criminal precedent, the Case Management Plan for this dispute states, "All dispositive and other pre-trial motions except for motions to continue and motions *in limine* shall be filed no later than November 21, 2013 . . . [and] pretrial submissions no later than 7 [seven] days before the Pre-Trial Conference."  (Doc. No. 8).  Consequently, Claimant's opportunity to move the Court to suppress the currency had long expired, along with Claimant's opportunity to respond to the United States' Motion.

---

[2] Although Claimant failed to respond to the United States' Motion, the Court still conducts a thorough discussion based on the gravity of the issue and lack of case law.

Accordingly, this Court GRANTS the United States' Motion to Dismiss Any Motion to Suppress and reminds all parties to submit Conclusions of Law and Findings of Fact to the Court by May 5, 2014.

IT IS SO ORDERED.

April 17, 2014

Frank D. Whitney
Chief United States District Judge